■ ELI AVILA et al., Appellants, v ROBANI ENERGY INC., et al., Respondents. [784 NYS2d 526]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 21, 2003, which, to the extent appealed from as limited by the brief, denied plaintiffs' motion to set aside the jury verdict that the negligence of defendant Crystal Transportation Corp. was not a substantial factor in causing damage to their property as against the weight of the evidence, and further denied their motion for a mistrial, unanimously affirmed, without costs.

The evidence, fairly interpreted, permitted the jury to reach a verdict in favor of Crystal Transportation (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]). Given the contradictory expert testimony and the conflicting inferences that could be drawn from the evidence, the jury fairly concluded that the subject oil spill was promptly cleaned up and that any damage plaintiffs may have incurred from oil spillage was caused by prior spills and not by the oil delivery at issue.

While Crystal's counsel's summation comment accusing plaintiffs of fraud in an unrelated matter was inappropriate, it was isolated and was followed by a sufficient curative instruction. The record does not show that counsel's misconduct

"permeated the trial and . . . effectively destroyed [plaintiffs'] ability to obtain a fair trial" (*DiMichel v South Buffalo Ry. Co.*, 80 NY2d 184, 198 [1992], *cert denied sub nom. Poole v Consolidated Rail Corp.*, 510 US 816 [1993]; *see also Torres v City of New York*, 306 AD2d 191, 196 [2003]). Concur—Buckley, P.J., Tom, Andrias, Saxe and Marlow, JJ.